**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

United States of America

v.

Crystal Hardy

1:19-cr-00250-PB-1

### MOTION IN LIMINE – CODEFENDANT STATEMENTS

The accused, through counsel, John P. Newman, Esq., respectfully requests that this Court issue an Order precluding the Government from introducing at trial any statements made by codefendant Christopher Kelly upon his arrest on July 27, 2020.

Defendant Hardy grounds this motion on Federal Rule of Evidence 801 - 804 and the Confrontation Clause found in the 6th Amendment to the United States Constitution.

In support, it is stated:

### FACTS

1. The United States has charged both Defendants with 21 U.S.C. § 841(a)(1) and 846: Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance.

2. Mr. Kelly has also been charged with 18 U.S.C. § 922(g)(1):  Possession of a Firearm by a Convicted Felon.

3. Count One of the indictment alleges that the defendants "agreed with each other … to distribute and possess with intent to distribute … methamphetamine …".

4. Evidence in support of both counts in the indictment includes items seized by the Tilton Police from Ms. Hardy's truck pursuant to a search warrant.  Those items include quantities of the drugs fentanyl and methamphetamine, approximately $27,000.00, two firearms and a "ledger."

5. The parties are scheduled to be tried together during the week of March 2, 2021.

6. Mr. Kelly was arrested on July 27, 2020 on both state and federal warrants. He was taken to the Merrimack County House of Correction.

7. While at the jail, he waived his *Miranda* rights and was interviewed by DEA Special Agent Galen Daoud, Belknap County Drug Task Force Officer Richard Sprankle and ATF Special Agent John Forte.

8. During the course of the interview, he allegedly made several statements about his possession of the guns found in the truck and his use and purchase of controlled drugs.

9. Specifically, he said to have made the following statements:

    a. With respect to the guns and his prescription pills found in a bag in the truck, Mr. Kelly stated that Ms. Hardy had picked up his medication the night before and she put "his pills in her bag" before they left the hotel where they had been staying.
    b. Ms. Hardy had guns and a bulletproof vest because two of her ex-boyfriends had been threatening to kill her.
    c. Ms. Hardy was planning to sell the guns because she was with him and no longer needed the guns for protection.
    d. He had 1.5 grams of "dope" in the vehicle but did not know anything about the money found in the car.
    e. He bought that "dope" from a friend "Mike Lima" who has since died from a drug overdose.
    f. He currently (as of July 27, 2020) buys his "dope" from Jimmy Smith, the father of Ms. Hardy's children.
    g. Methamphetamine "has been hard to get recently."
    h. He and Ms. Hardy were getting their methamphetamine from Jared Stottlar.
    i. He did not want to talk about "his girl" (presumably Ms. Hardy).
    j. He "reaped the benefits" of the relationship between Ms. Hardy and Ms. Stottlar had but that he stayed out of it.

10. The government seeks to admit these statements at the joint trial.

## LEGAL ARGUMENTS

11. Statements *a, b, c,* and *i* above are not admissible against Ms. Hardy because they are hearsay and do not fall within any recognized hearsay exception. *See* FRE 801 – 804. On a constitutional level, admission of them would violate Ms. Hardy's right to confrontation.

12. Statements *f* and *g* refer to events outside the indictment time period and are not admissible.  See FRE 401 – 404.  This argument is developed in more detail in Ms. Hardy's *Motion in Limine – FRE 401 – 404* filed this date.

13. Finally, statements *h* and *j* above are inadmissible as they violate Ms. Hardy's right to confrontation.

14. Pursuant to *Bruton v. United States*, 391 U.S. 123, 137 (1968), a non-testifying codefendant's confession incriminating another codefendant is inadmissible at a joint trial.  The basis for this principle the Confrontation Clause of the 6th Amendment to the United States Constitution.

15. Notwithstanding *Bruton* however, the Court may allow into evidence a non-testifying codefendant's admission if it can be redacted to eliminate all references to the jointly tried defendant.  *See Richardson v. Marsh*, 481 U.S. 200 (1987).

16. This cannot be done here.  Mr. Kelly's statements that both he and Ms. Hardy get their methamphetamine from Mr. Stottlar and that he "reaps the benefits "of that relationship cannot be practically redacted to eliminate a reference to Ms. Hardy without entirely altering its meaning and context.

17. There are only two defendants on trial.  Indeed, pretrial discovery indicates that no other conspirators will be identified or seriously argued by the prosecution. In this scenario, any redaction of only Ms. Hardy's name would leave a clear indication to the jury that Ms. Hardy's name has been removed.  *See United States v. Molina*, 407 F.3d 511, 520 (1st Cir. 2005) (Stating in *dicta* that a "case may involve so few defendants that the statement leaves little doubt in the listener's mind about the identity of 'another person.'") (citation omitted).

## CONCURRENCE

18. The government, through Debra Walsh, Esq., and Aaron Gingrande, Esq. object to this motion.

## MEMORANDUM OF LAW

19. No Memorandum of Law has been filed as all legal arguments and points of law are contained herein.

WHEREFORE, the accused respectfully requests that this Court issue an Order precluding the admission of the above statements at trial in this matter.

A hearing is requested on this motion.

Respectfully submitted,

*/s/ John P. Newman*
John P. Newman, Esq.
NHBA No.:  8820
Newman Law Office, PLLC
15 High Street
Manchester, NH 03101
(603) 935-5603
john@newmanlawnh.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been forwarded by electronic mail through the ECF system on February 22, 2021 to Debra M. Walsh, Esq., Aaron Gingrande, Esq., and to Patrick Richard, Esq., counsel for the codefendant, Christopher Kelly.

*/s/ John P. Newman*
John P. Newman